**Pedro MEJIA–AMAYA; Martha Consuelo Martinez De Mejia, Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 07–70136.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2009.*

Filed March 31, 2009.

Edgardo Quintanilla, Quintanilla Law Firm, Inc., Sherman Oaks, CA, for Petitioners.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Kohsei Ugumori, Esquire, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: LEAVY, HAWKINS, and TASHIMA, Circuit Judges.

MEMORANDUM **

Pedro Mejia–Amaya and Martha Consuelo Martinez de Mejia, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir. 2003), and we deny in part and dismiss in part the petition for review.

The BIA acted within its discretion in denying petitioners' motion as untimely because it was filed more than five years after the BIA's prior order, *see* 8 C.F.R. § 1003.2(c)(2), and petitioners failed to establish grounds for equitable tolling, *see Iturribarria,* 321 F.3d at 897 (equitable tolling is available "when a petitioner is prevented from filing because of deception, fraud, or error," as long as the petitioner acted with due diligence).

The record does not support petitioners' contention that the BIA made an adverse

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

credibility determination. *Cf. Bhasin v. Gonzales*, 423 F.3d 977, 986–87 (9th Cir. 2005).

We lack jurisdiction to review the BIA's refusal to reopen proceedings *sua sponte. See Ekimian v. INS*, 303 F.3d 1153, 1159–60 (9th Cir.2002).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.